UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSIAH HUNTER,<br><br>               Plaintiff,<br><br>     v.<br><br>CITY OF FEDERAL WAY, *et al.*,<br><br>              Defendants. | Case No. C16-1445RSL<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on "Defendants' Motion for Partial Summary Judgment." Dkt. # 18. Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial."

ORDER GRANTING
DEFENDANTS' MOTION
FOR PARTIAL
SUMMARY JUDGMENT - 1

Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the jury genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, and considering the evidence in the light most favorable to the plaintiff, the Court finds as follows:

**BACKGROUND**

On the night of September 14, 2014, two trucks collided at South 320th Street and Pacific Highway South in Federal Way, Washington. At the time of the collision, plaintiff Josiah Hunter and his friend Junior Beausilien were in Mr. Hunter's car in the AM/PM store parking lot. Hearing the crash, the two men went to make sure that everyone was okay.

ORDER GRANTING
DEFENDANTS' MOTION
FOR PARTIAL
SUMMARY JUDGMENT - 2

When Mr. Hunter and Mr. Beausilien approached the first vehicle, the driver Mr. Wells appeared to be intoxicated. Dkt. # 19 at 11 (Dep. of Josiah Hunter). He exited the vehicle and began walking around and talking on his cell phone. Id. A third man named Michael Anderson also approached the accident and identified himself as an off-duty cop. Id. Concerned that the intoxicated driver was attempting to flee the scene, Mr. Anderson instructed the two men to watch the driver. Id. Mr. Hunter and Mr. Beausilien stayed with the driver until the police arrived. Id. at 13.

Officer Kris Durell was the first police officer to arrive. When Officer Durell approached the driver, Mr. Wells became agitated and began arguing. Id. at 14-15. Shortly thereafter, Officer Durell placed Mr. Wells under arrest. Id. While being handcuffed, Mr. Wells' wallet was on the ground next to him. Id. at 16. Mr. Wells asked Mr. Hunter to pick it up. Id. at 17. Mr. Hunter picked up the wallet, at which time Officer Durell told him, "hey, what are you doing? Drop the wallet and back up." Id. at 16. Mr. Hunter dropped the wallet and stepped back. Id.

As more officers arrived to investigate, they instructed everyone in the area to step away from the crime scene. Id. at 20. One of the officers, Officer Schmidt, began taking pictures of the accident. Mr. Hunter and Mr. Beausilien were in at least one of the pictures, and Mr. Beausilien proceeded to argue with Officer Schmidt about why his photograph was being taken. Dkt. # 18 at 6; Dkt. # 19 at 34, 36 (Dep. of Junior Beausilien).

At one point Officer Schmidt entered the AM/PM store to see whether the two men had permission to be on the property. Officer Schmidt returned to the parking lot and told Mr. Hunter to leave or he would be arrested for trespassing and interfering with a crime scene. Dkt.

ORDER GRANTING
DEFENDANTS' MOTION
FOR PARTIAL
SUMMARY JUDGMENT - 3

# 19 at 18 (Dep. of Josiah Hunter). Mr. Beausilien also spoke with Mr. Hunter and said that they needed to leave or they would be arrested. Id. Mr. Hunter told the police that he would leave after making a phone call, and he proceeded to walk through the parking lot before making a U-turn back towards his vehicle. Id. at 18-19. The officers began to arrest Mr. Beausilien as Mr. Hunter returned to his car. Id. at 20. As Mr. Hunter was opening his car door to leave, he was placed in a choke hold by Officer Durell and arrested for obstruction, trespass, and resisting arrest. Dkt. # 22 at 13; Dkt. # 19 at 56.

Later, the charges against Mr. Hunter were dropped. Dkt. # 19 at 56. Mr. Hunter filed suit against the City of Federal Way, the Federal Way Police Department, and Police Chief Andy Hwang (collectively "the City"), and Officer Kris Durell. Mr. Hunter asserts various causes of action related to his arrest and the choke hold that was employed by Officer Durell. Presently, defendants ask this Court to dismiss all but two of Mr. Hunter's claims.

## DISCUSSION

Defendants seek a summary determination that they are not liable for false arrest and imprisonment, negligence, and outrage. The City defendants also seek dismissal of plaintiff's § 1983 claims of excessive force, false arrest, and failure to train. Defendants do not address plaintiff's claims of assault and excessive force against Officer Durell. Each claim is addressed below.

**A. False arrest**

Plaintiff asserts that he was falsely arrested in violation of state law and the Fourth Amendment. Dkt. # 1, ¶ 5.6. To establish a false arrest claim under 42 U.S.C. § 1983, Mr.

ORDER GRANTING
DEFENDANTS' MOTION
FOR PARTIAL
SUMMARY JUDGMENT - 4

Hunter must show that Officer Durell lacked probable cause. "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a crime has been or is being committed." Devenpeck v. Alford, 543 U.S. 146, 152 (2004). "Probable cause exists when the facts and circumstances within the officer's knowledge are sufficient to cause a reasonably prudent person to believe that a crime has been committed." Lassiter v. City of Bremerton, 556 F.3d 1049, 1053 (9th Cir. 2009). Additionally, the Court may consider "the collective knowledge of all the officers involved in the criminal investigation." Torres v. City of Los Angeles, 548 F.3d 1197, 1207 (9th Cir. 2008) (internal quotation marks and citations omitted). Probable cause is an absolute defense to claims of false arrest. Smith v. Almada, 640 F.3d 931, 944 (9th Cir. 2011). Probable cause is also a complete defense to state-law claims of false arrest and imprisonment. Hanson v. City of Snohomish, 121 Wn.2d 552, 563-64 (1993).

"A person is guilty of obstructing a law enforcement officer if the person willfully hinders, delays or obstructs any law enforcement officer in the discharge of his or her official powers or duties." RCW 9A.76.020. This obstruction statute is to be construed narrowly, and there must be some conduct to establish a violation. State v. E.J.J., 183 Wn.2d 497, 501-03 (2015). Here, there is an issue of fact regarding whether Officer Durell had probable cause to arrest Mr. Hunter for obstruction.

At the time of Mr. Hunter's arrest, the police were conducting an investigation related to a car crash and possible DUI. Officer Durell had arrested the driver, Mr. Wells. It is undisputed that Mr. Hunter picked up Mr. Wells' wallet from the ground after Mr. Wells was handcuffed.

ORDER GRANTING
DEFENDANTS' MOTION
FOR PARTIAL
SUMMARY JUDGMENT - 5

However, after being instructed by Officer Durell to drop the wallet and step back, Mr. Hunter complied immediately. Because Mr. Hunter promptly followed Officer Durell's orders, the Court cannot say as a matter of law that probable cause existed to arrest Mr. Hunter for obstruction.

There was, however, probable cause to arrest Mr. Hunter for trespass. Officer Schmidt informed Mr. Hunter and Officer Durell that the clerk of the AM/PM wanted Mr. Hunter to leave.[1] Dkt. # 21 at 7. Mr. Hunter was also told that he would be arrested if he did not leave. Dkt. # 19 at 18-19 (Dep. of Josiah Hunter). Mr. Hunter responded that he would leave after making a phone call, and he proceeded to walk around the parking lot. Id. At this point, Officer Durell had probable cause to arrest Mr. Hunter for trespass. Even though an issue of fact exists about whether probable cause existed to arrest Mr. Hunter for obstruction, because the Court finds that Officer Durell had probable cause to arrest Mr. Hunter for trespass, the § 1983 and state-law false arrest and imprisonment claims are DISMISSED.[2]

---

[1] There is a factual dispute as to what was said inside the store. In his report, Officer Schmidt wrote, "I asked [the clerk] if she knew Hunter or Beausilian [*sic*] and if they had permission to be on the property. She advised that she noticed they were not patronizing the business and she wanted them to leave." Dkt. # 21 at 7. In a subsequent witness statement, the clerk wrote the following: "He asked me if I wanted to give them trespass. I said, 'it's up to you, sir.' He then went outside." Dkt. # 24, Ex. A. This discrepancy is immaterial, however, because it is undisputed that Officer Schmidt communicated to Mr. Hunter and Officer Durell that the clerk wanted Mr. Hunter to leave.

[2] The Court does not address the issue of qualified immunity because no constitutional right was violated with respect to plaintiff's false arrest claim, and "that ends the inquiry." John v. City of El Monte, 515 F.3d 936, 940 (9th Cir. 2008).

ORDER GRANTING
DEFENDANTS' MOTION
FOR PARTIAL
SUMMARY JUDGMENT - 6

## B. Plaintiff's negligence claim

Plaintiff alleges that the City and Officer Durell "are liable for negligently using the choke hold tactic against Mr. Hunter." Dkt. # 1, ¶ 5.4. In some instances, it may be possible to state a claim both for an intentional tort and negligence. See, e.g., O'Donoghue v. Riggs, 73 Wn.2d 814, 819-20 (1968). In the present case, however, Officer Durell's police report clearly indicates that he choked Mr. Hunter intentionally, and plaintiff has asserted an assault claim. Dkt. # 22 at 13. Under these circumstances, Mr. Hunter's negligence claim fails as a matter of law. That claim is DISMISSED.

## C. Plaintiff's outrage claim

Mr. Hunter also asserts that Officer Durell and the City are liable for intentional infliction of emotional distress. Dkt. # 1 ☐ 5.3. Because the Court finds Officer Durell had probable cause to arrest Mr. Hunter for trespass, plaintiff fails to state a claim for outrage based on false arrest. Additionally, if plaintiff succeeds on his assault claim, then he is entitled to recover damages for emotional distress. Rice v. Janovich, 109 Wn.2d 48, 62 (1987). Because damages for emotional distress are already available for prevailing on the assault claim,[3] Mr. Hunter's claim of intentional infliction of emotional distress is DISMISSED.

## D. Claims against Police Chief Andy Hwang

In addition to naming Officer Durell, the Federal Way Police Department, and the City of Federal Way, Mr. Hunter also included Police Chief Andy Hwang as a defendant in this lawsuit.

---

[3] Alternatively, if plaintiff meant to assert a cause of action for battery rather than assault, emotional damages would also be available. See Cagle v. Burns & Roe, Inc., 106 Wn.2d 911, 916 (1986) (finding that emotional damages are generally available for intentional torts).

Defendants ask that Chief Hwang be dismissed because there is no evidence that he had any personal involvement with the case, and to the extent that he is being sued in his official capacity, those claims are duplicative of the claims against the City. Dkt. # 18 at 13-14. In response, Mr. Hunter concedes that Chief Hwang is not a proper party in this lawsuit. Dkt. # 23 at 18. Therefore, defendant Chief Hwang is DISMISSED.

**E. § 1983 claims against the City**

Plaintiff asserts § 1983 claims against the City for excessive force, false arrest, and failure to train. Dkt. # 1, ¶¶ 5.2, 5.5-5.6. The excessive force and false arrest claims are premised on a theory of vicarious liability stemming from Officer Durell's actions as an employee of the City. These claims fail as a matter of law. The City of Federal Way "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) (emphasis in original).

Plaintiff also alleges that Federal Way is liable for violations of plaintiff's civil rights "to the extent that the failure to train, supervise and discipline officers is a policy, practice or custom" of the City. Dkt. # 1 ☐ 5.5. Here, plaintiff's allegation is correctly premised on a policy or custom rather than a theory of vicarious liability. Monell, 463 U.S. at 691-92. The City may be held liable for "failure to implement procedural safeguards to prevent constitutional violations." Jackson v. Barnes, 749 F.3d 755, 763 (9th Cir. 2014). This requires a showing that the City's omission amounts to deliberate indifference to the plaintiff's constitutional rights. Jackson, 749 F.3d at 763. To succeed, the plaintiff must establish "that the defendant was on

ORDER GRANTING
DEFENDANTS' MOTION
FOR PARTIAL
SUMMARY JUDGMENT - 8

actual or constructive notice that its omission would likely result in a constitutional violation," and the plaintiff "must [also] show that the policy caused the violation." Id. (internal quotation marks and citations omitted).

In this case, Mr. Hunter has not made the requisite showing. Plaintiff's briefing merely posits that "[i]t is clear that Federal Way has underlying practices that allow for their officers to commit constitutional violations. . . . It seems that there is a mentality in the Federal Way Police Department that supports the use of low level misdemeanor offenses to justify unconstitutional actions directed toward innocent citizens." Dkt. # 23 at 19. Plaintiff offers no evidence to support this bare allegation or connect his alleged constitutional violations with actual policies or customs of the City. Therefore, all of the § 1983 claims against the City are DISMISSED.

**CONCLUSION**

For all of the foregoing reasons, defendants' motion for partial summary judgment (Dkt. # 18) is GRANTED. The Court is sensitive to the fact that Mr. Hunter's briefing suggests that racism played a role in Officer Durell's decision to arrest Mr. Hunter. Plaintiff has not, however, asserted an equal protection or race-based animus claim. Based on the record, only plaintiff's assault claim against all defendants[4] and his § 1983 excessive force claim against Officer Durell may proceed.

---

[4] Unlike municipal liability under § 1983, the City may be liable for intentional torts under a theory of *respondeat superior* if the employee was acting in the scope and course of employment. See Kyreacos v. Smith, 89 Wn.2d 425 (1977).

ORDER GRANTING
DEFENDANTS' MOTION
FOR PARTIAL
SUMMARY JUDGMENT - 9

1  Dated this 15th day of December, 2017.

*MWS Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING
DEFENDANTS' MOTION
FOR PARTIAL
SUMMARY JUDGMENT - 10