UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSIAH HUNTER,

                Plaintiff,

v.

CITY OF FEDERAL WAY, et al.,

                Defendants.

CASE NO. C16-1445-MJP

ORDER ON MOTIONS IN LIMINE

THIS MATTER comes before the Court on the parties' Motions in Limine. (Dkt. Nos. 46, 48.) Having reviewed the Motions, the Responses (Dkt. Nos. 49, 50) and all related papers, the Court rules as follows:

## I. Uncontested Motions in Limine

Plaintiff's Motion in Limine Nos. 1, 2, 3, 4, 5, 6 and 7 and Defendants' Motion in Limine Nos. 13, 14, 15, 16, 17, 18, 19, 20, 21, and 22 are not contested, and are GRANTED.

## II. Plaintiff's Contested Motions in Limine

**Motion in Limine No. 8** seeks to exclude evidence of Officer Durell's individual net worth and whether he would be indemnified by the municipality. The parties agree that evidence

relating to Officer Durell's ability to pay a damages award should be excluded. In the event of a punitive damages award against him, the Court will permit limited evidence and argument regarding the appropriate amount of punitive damages before the jury deliberates on the issue. See Rookaird v. BNSF Railway Co., C14-176RSL, 2016 WL 4052610, at *1 (W.D. Wash. May 10, 2016). Plaintiff's Motion in Limine No. 8 is GRANTED.

**Motion in Limine No. 9** seeks to preclude Defendants from implying to the jury that they have no prior record of misconduct or citizen complaints. Defendants agree that evidence related to "any of the officers' prior uses of force, prior complaint history, prior discipline, or prior involvement in civil lawsuits" should be precluded. (See Dkt. No. 46 at Motion in Limine No. 15; Dkt. No. 49 at 3.) Plaintiff's Motion in Limine No. 9 is GRANTED.

**Motion in Limine No. 10** seeks to preclude references to witnesses as "experts," including those with specialized knowledge. The Court's jury instructions explain that expert testimony is allowed "because of the education or experience of the witness," and that "[s]uch opinion testimony should be judged like any other testimony." (See Pechman Civil Jury Instruction No. 8, "Expert Opinion").[1] Further, the Court's jury instructions include an admonition to jurors not to "read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be." (See Instruction No. 1, "Duty of Jury"). Both sides intend to put on expert testimony, and the Court does not share Plaintiff's concern that referring to or qualifying a witness as an "expert" would "put an imprimatur of the court on the witness." Plaintiff's Motion in Limine No. 10 is DENIED.

---

[1] The Court's Model Civil Jury Instructions are available at available at www.wawd.uscourts.gov/sites/wawd/files/MJPCivilFinalJuryInstructions.pdf.

**Motion in Limine No. 11** seeks to allow Plaintiff to argue "conscience of the community" (i.e., "to ask the jury to place themselves in the position of . . . compensating the plaintiff for the injuries the plaintiff sustained). While this is permissible, the parties agree that counsel will not "ask the jury to place themselves 'in the shoes of' Mr. Hunter." (See Defendants' Motion in Limine No. 16.) Plaintiff's Motion in Limine No. 11 is GRANTED.

**Motion in Limine No. 12** seeks an order that all witnesses appear in civilian clothing. Defendants respond that city representatives and testifying officers "should not be precluded from wearing the very uniform that shows his or her membership in the organization they are representing at trial," and that Officer Durell should be permitted to take the stand in the uniform he wore on the night of the incident "to show the jury how he was dressed and the tools available to him at the time of Mr. Hunter's arrest." (Dkt. No. 49 at 4-5.) As a practical matter, Defendants note that some of the testifying officers "will either be on duty or will be driving a marked patrol car to the courthouse" or "may be called to testify immediately before, immediately after, or in the middle of their working shift" and should not be compelled to change clothes. Given the claims at issue and the practical realities of the case, the Court will not preclude officers from appearing in uniform. However, under no circumstances will any officer be permitted to enter the courtroom with weapons of any kind. Plaintiff's Motion in Limine No. 12 is DENIED.

**Motion in Limine No. 13** seeks to allow Plaintiff, his mother, his father, and his friend to testify as to whether he changed after the incident, for purposes of establishing that he suffered emotional distress. So long as these witnesses are able to establish both relevance and personal knowledge concerning these alleged changes, they will be permitted to testify. Plaintiff's Motion in Limine No. 13 is GRANTED.

1 | **Motion in Limine No. 14** is a request for the Court to show the jurors the unconscious bias video during jury orientation. The Court finds no reason to depart from its regular practice of showing the unconscious bias video and Defendants have withdrawn their opposition to this request. Plaintiff's Motion in Limine No. 14 is GRANTED.

**Motion in Limine No. 15** seeks to exclude evidence of Mr. Beausilien's unrelated prior arrests or prior criminal record. Such evidence is not admissible for purposes of showing Mr. Beausilien's character or that he acted in accordance with that character during the incident in dispute. Fed. R. Evid. 404(b). Plaintiff's Motion in Limine No. 15 is GRANTED.

**Motion in Limine No. 16** seeks to preclude Defendants from making "demands or requests before the jury for matters found or contained in plaintiff's file, . . . additional medical examinations, physical demonstrations, or other . . . requests during the course of the trial and in the presence of the jury." Defendants agree that it would be inappropriate for counsel from either side "to request documents from any witness, demand that any witness undergo a medical examination, or demand that any witness demonstrate a physical limitation to the jury." However, Defendants object to "any prohibition on witnesses performing physical demonstrations or re-enactments during the course of trial," and suggest that counsel may ask Plaintiff to "physically demonstrate for the jury some aspect of his testimony, like how far he was away from someone or how he claims Officer Durell used force against him." (Dkt. No. 37 at 5.) Plaintiff's Motion in Limine No. 16 is GRANTED, with the exception that counsel shall not be precluded from requesting physical demonstrations or re-enactments where relevant and helpful to the jury.

## III. Defendants' Contested Motions in Limine

**Motion in Limine No. 1** seeks to preclude any testimony, argument, or suggestion of racial bias or racial motivation on the part of Officer Durell. Defendants contend that Plaintiff did not plead or otherwise put the defense on notice that he would pursue any legal claims or theories related to race or alleged racial bias, and did not seek evidentiary support for such a claim during discovery. Plaintiff responds that he intends to introduce evidence of what occurred on the night of the incident, including statements and recollections of the responding officers. Plaintiff will not advance any *legal arguments* related to race or alleged racial bias on the part of the officers, but will be permitted to elicit and describe related *facts*.

**Motion in Limine No. 2** has been withdrawn by Defendants. (See Plaintiff's Motion in Limine No. 14, supra.)

**Motion in Limine No. 3** seeks to exclude references to other Federal Way Police Officers not named as defendants, as well as any suggestion that any non-defendant acted unlawfully or that an award should be based upon the conduct of a non-defendant (i.e., through a theory of vicarious liability). Plaintiff did not identify any claim or theory or plead any causes of action based upon the conduct of anyone other than Officer Durell, and will not be permitted to suggest to the jury that its damages award should be based upon the conduct of any other non-defendant officer. However, Plaintiff will be permitted to "refer to [the officers that responded to the scene] by their names" and to describe the facts as they relate to those officers. Defendants' Motion in Limine No. 3 is GRANTED IN PART.

**Motion in Limine No. 4** seeks to exclude any references to Plaintiff's past or future medical expenses. Plaintiff has not disclosed nor presented any evidence that he will require

ongoing or future medical treatment as a result of the incident, which occurred nearly four years ago. Defendants' Motion in Limine No. 4 is GRANTED.

**Motion in Limine No. 5** seeks to exclude any references to Plaintiff's alleged wage loss as a result of the incident. The parties dispute whether Plaintiff disclosed any facts related to wage loss during discovery, and without more information, the Court is unable to rule on this request. If Defendants have specific objections to evidence presented at trial, such objections can be made at that time. Defendants' Motion in Limine No. 5 is DENIED.

**Motion in Limine No. 6** seeks to exclude evidence of damages related to Plaintiff's arrest and criminal prosecution, including the fact that the charges against him were dismissed. Plaintiff will be permitted to describe the arrest (i.e., the fact that he was handcuffed and that the handcuffs were allegedly applied improperly), but will be precluded from discussing the judicial proceedings which followed his arrest, other than as they relate to his claim for excessive force. Recognizing that this will necessarily be a fine distinction, the Court DENIES Motion in Limine No. 6, and will handle objections on a question-by-question basis.

**Motion in Limine No. 7** seeks to exclude evidence that Plaintiff suffered or is suffering from any specific mental health condition, or that his arrest proximately caused any such condition. Defendants contend that Plaintiff is not qualified to testify that he suffers from any diagnosed condition (e.g., depression, anxiety disorder, post-traumatic stress disorder). While Plaintiff is not qualified to self-diagnose any condition, he may describe his mental and emotional state and any symptoms thereof following the incident. Defendants' Motion in Limine No. 7 is DENIED.

**Motion in Limine No. 8** seeks to exclude the testimony of Plaintiff's expert, Professor Greg Gilbertson. Mr. Gilbertson is a former police officer with approximately three decades of

experience in criminal justice training. He holds an M.S. in Justice Administration from Columbus State University and is currently a tenured professor in Criminal Justice at Centralia College. Mr. Gilbertson has served as a subject matter expert in police practices and procedures for the U.S. Department of Justice and the U.S. Department of Defense, and has served as an international police trainer in Iraq and Afghanistan. Mr. Gilbertson has testified as an expert in more than forty cases, including cases involving excessive use of force.

"Courts have generally admitted expert testimony on police practices and the use of force in cases involving allegations of excessive force and police misconduct." Morales v. Fry, No. 12-2235JCC, 2014 WL 12042563, at *3 (W.D. Wash. Mar. 25, 2014); see also Alvarez v. King County, 16-0721RAJ, 2017 WL 3189025, at *7 (W.D. Wash. July 27, 2017) ("Where qualified to do so and where their testimony is otherwise relevant, experts may testify as to nationally accepted standards of police conduct. . . .") (citation omitted). While neither party has submitted Mr. Gilbertson's expert report for the Court's review, Plaintiff contends that his testimony will address the "totality of the circumstances" and its effect on the appropriate use of force, including "whether the police orchestrated the conditions under which they used force."

The Court finds that Mr. Gilbertson is qualified to opine Officer Durell's use of an LVNR and Officer Durell and/or Officer Schmid's decision to have Plaintiff trespassed from the AM/PM. Defendants' Motion in Limine No. 8 is DENIED.

**Motion in Limine No. 9** seeks to exclude evidence of Plaintiff's character, including "that he is a good person, he comes from a good family, his parents are engaged members of the community and have a successful and stable marriage, his parents have raised him well and taught him to respect people in authority, his parents taught him to behave a certain way when confronted by police, that he has not had any past encounters with police, he does not have a

criminal background, and he has never been in jail before." While character evidence is not admissible to prove that on a particular occasion, a person acted in accordance with the character or trait, Fed. R. Evid. 404(a), testimony concerning Plaintiff's lack of prior encounters with police or engagement with the criminal justice system is relevant as to the impact that Officer Durell's alleged use of force would have had on him. Defendants' Motion in Limine No. 9 is DENIED.

**Motion in Limine No. 10** seeks to exclude evidence of post-incident review by the Federal Way Police Department, including evidence relating to the improper impoundment of Plaintiff's car. The post-incident review is similar to a "subsequent remedial measure," and is inadmissible under Fed. R. Evid. 407. See also Maddox v. Los Angeles, 72 F.2d 1408, 1417 (9th Cir. 1986) (excluding evidence of a police department investigation as a subsequent remedial measure in a civil rights suit). Defendants' Motion in Limine No. 10 is GRANTED.

**Motion in Limine No. 11** seeks to exclude any argument suggesting that the decision to stop, detain, or arrest Plaintiff or Mr. Beausilien was unlawful, as the Court already dismissed Plaintiff's false arrest claims. The parties will be precluded from discussing whether the arrest was "lawful" or "unlawful," and shall refer to it only as an "arrest." (See Plaintiff's Motion in Limine No. 6, supra.) Defendants' Motion in Limine No. 11 is GRANTED.

**Motion in Limine No. 12** seeks to exclude evidence of Officer Durell's financial condition or ability to pay a punitive damage award, unless the jury first finds that his conduct warrants punitive damages. For the reasons discussed with respect to Plaintiff's Motion in Limine No. 8, supra, Defendants' Motion in Limine No. 12 is GRANTED.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 6, 2018.

Marsha J. Pechman
United States District Judge