UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSIAH HUNTER,<br><br>               Plaintiff,<br><br>     v.<br><br>KRIS DURELL,<br><br>               Defendant. | CASE NO. C16-1445-MJP<br><br>ORDER ON MOTION FOR ATTORNEY FEES AND MOTION TO STRIKE |

THIS MATTER comes before the Court on Plaintiff's Motion for Attorney Fees and Costs (Dkt. No. 99), Defendants' Motion to Strike (Dkt. No. 106), and Plaintiff's Cross-Motion to Extend the Deadline (Dkt. No. 108). Having reviewed the Motions, the Responses (Dkt. Nos. 113, 124, 138), the Replies (Dkt. Nos. 114, 127, 134) and all related papers, and having considered the submissions of the parties at oral argument, the Court GRANTS IN PART and DENIES IN PART the Motion for Attorney Fees and GRANTS IN PART and DENIES IN PART the Motion to Strike.

**Background**

Following a seven day trial in July 2018, the jury found in favor of Plaintiff Josiah Hunter on his Fourth Amendment excessive force claim and awarded him general and punitive damages. (See Dkt. Nos. 70, 73, 77, 78, 79, 81, 82; see also Dkt. No. 86.) The Court entered judgment on July 20, 2018. (Dkt. No. 90.) Plaintiff, through his counsel Mr. Jesse Valdez, filed his petition for fees and costs on August 16, 2018. (Dkt. No. 99.) The petition sought $361,616.67 in fees—$152,516.67 for Mr. Valdez; $188,150.00 for co-counsel and lead trial counsel Mr. James Bible; and $6,000.00 for paralegal Scott McDonald—and $9,006.80 in costs. (Dkt. No. 99 at 1, 7; Dkt. Nos. 100, 101.) The petition was untimely, and Mr. Valdez did not seek an extension or otherwise provide the Court with any explanation for its lateness.

On August 23, 2018, Defendants moved to strike the fee petition. (Dkt. No. 106.) That same day, Mr. Valdez moved to extend the deadline, claiming his failure to timely file was a result of "excusable neglect." (Dkt. No. 108.) On October 11, 2018, the Court held a hearing on the matter, in which it thoroughly examined both Mr. Valdez and Mr. Bible. (See Dkt. No. 133.) Because there was no evidence in the record concerning his role in preparing the filing, the Court allowed Mr. Bible to file a supplemental affidavit to that effect. (Dkt. No. 134.)

**Discussion**

**I. Legal Standard**

A motion for attorney fees must be filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2). A motion or bill of costs must be filed no later than 21 days after the entry of judgment. LCR 54(d)(1). Accordingly, Plaintiff's fee petition was due on August 3, 2018 and his bill of costs on August 10, 2018.

Under Fed. R. Civ. P. 6(b)(1)(B), the Court has discretion to extend the deadline for the fee petition so long as Plaintiff's counsel shows that he failed to timely file the petition due to

"excusable neglect." The Supreme Court has explained that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant.'" Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993) (citations omitted). In determining whether neglect is excusable, the Court considers the following factors: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Id. at 395. "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395.

## II. Mr. Valdez's Fees

In his declaration and at the hearing, Mr. Valdez explained that "during the time in question," he was in the midst of a divorce proceeding and was required to take a week off of work to care for his children while his estranged spouse was suffering from a medical condition. (Dkt. No. 108 at 1-2; Dkt. No. 109.) However, Mr. Valdez was unable to explain how these circumstances caused him to miss the deadline or why, once he became aware that he would miss it, he was unable to seek the necessary relief.

Mr. Valdez and Mr. Bible agreed that Mr. Valdez would be responsible for completing and filing all post-trial motions, including the petition for fees and costs, on behalf of Plaintiff. Mr. Valdez's billing entries indicate that he spent 22 hours on the fee petition between July 27 and August 2, the day before it was due. (See Dkt. No. 100, Ex. 2.) He did not begin working on the petition again until August 15, when he spent another 3.5 hours calculating his time, drafting his declaration, and making final revisions before filing it the following day. (Id.)

When examined, Mr. Valdez was unable to explain why he could not complete this final 3.5 hours of work before the deadline (i.e., by making arrangements for childcare, working after his children were asleep, etc.). Mr. Valdez was also unable to explain why, upon realizing he would not be able to timely file his petition on August 3, he did not contact the Court or opposing counsel to request an extension. Mr. Valdez knew how to contact chambers for other purposes—and indeed, had done so during the course of the litigation and on the day the judgment was filed—but did not do so until after Defendants filed the Motion to Strike. Further, although Mr. Valdez indicated that he was suffering from personal stress, he admitted that he had not sought counseling or any other type of assistance.

Taking all relevant circumstances into consideration, the Court finds that Mr. Valdez's neglect was not excusable, but was instead caused by his failure to seek relief or assistance when faced with a crisis. Therefore, the Court GRANTS the Motion to Strike and DENIES the Motion for Attorney Fees with respect to Mr. Valdez.

**III. Mr. Bible's Fees**

In his declaration and at the hearing, Mr. Bible explained that he was unaware that Mr. Valdez had failed to timely file the petition until after the deadline had passed. In addition, Mr. Bible explained that between July 25 and August 14, he was suffering from significant health concerns that required him to be under physician supervision and to reduce his case schedule. Whether or not he was hospitalized, Mr. Bible was unable to assist his clients during this time and—unlike Mr. Valdez—sought assistance and made arrangements to transfer some of his workload to others.

Taking all relevant circumstances into consideration, the Court finds that Mr. Bible has demonstrated "excusable neglect." The late filing of the fee petition was a crisis of Mr. Valdez's making, not Mr. Bible's, and it was reasonable for him to rely upon Mr. Valdez's representation

that he would handle all post-trial motions. While Mr. Bible ordinarily would be expected to confer with his co-counsel at once upon realizing that a deadline had been missed, he was unable to do so due to his medical condition. Therefore, the Court DENIES the Motion to Strike and GRANTS the Motion for Attorney Fees with respect to Mr. Bible. Because Mr. McDonald is employed by Mr. Bible, the Court also GRANTS the Motion for Attorney Fees with respect to Mr. McDonald.

## IV. Calculation of Fees

Mr. Bible seeks an award of $188,150.00 for his time on this matter and $6000.00 for Mr. McDonald's time on this matter. (Dkt. No. 101.) Mr. Bible's request is based upon his hourly rate of $500 per hour for 376.30 hours of work and Mr. McDonald's hourly rate of $50 for 120 hours worked. (Id.; see also Exs. A, C.)

Defendants contend that these amounts are unreasonable, as (1) they include hours expended on unsuccessful claims; (2) they include hours billed for clerical and unnecessary work; (3) they include paralegal hours billed for trial time; and (4) Mr. Bible's hourly rate exceeds what would be reasonable given his experience, skill, and reputation. (See Dkt. No. 124.)

The Court finds that $500 per hour is a reasonable rate given Mr. Bible's experience, skill, and reputation and that $50 per hour is a reasonable rate for his paralegal, Mr. McDonald. The Court further finds that, with the exception of the Monell claims directed at the City of Federal Way and the Federal Way Police Department, Plaintiff's unsuccessful claims shared a common core of facts with his successful claims. Accordingly, the Court will reduce the fee award for hours that appear to have been directed to the Monell claims specifically (i.e., "Monell claims research" on July 16, 2016; Deposition of Chief Hwang on July 27, 2017, etc.). The Court will further reduce the fee award for hours that appear to have been spent on clerical tasks

(i.e., delivery of the tort claim to the Federal Way Clerk's Office on February 3, 2016; delivery of a check to the mediator on October 13, 2017, etc.).

**Conclusion**

The total award for Mr. Bible shall be $183,550.00. The total award for Mr. McDonald shall be $6000.00. Defendants are hereby ORDERED to pay Plaintiff's attorney fees in the amount of $189,550.00. Because the petition for costs was neither timely nor properly filed, the Court DENIES the request for costs.

The clerk is ordered to provide copies of this order to all counsel.

Dated October 23, 2018.

Marsha J. Pechman
United States District Judge

ORDER ON MOTION FOR ATTORNEY FEES AND MOTION TO STRIKE - 6